FILED

2017 FEB -2 PM 1:40

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATT CAFISO and SUSAN CAFISO,

Plaintiffs,

CASE NO.: 3:17-cv-135-J-25PDB

-VS-

LEASE FINANCE GROUP LLC,

Defendant.
_______________________________/

## COMPLAINT

COME NOW Plaintiffs, MATT CAFISO and SUSAN CAFISO, by and through the undersigned counsel, and sue Defendant, LEASE FINANCE GROUP LLC, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like LEASE FINANCE GROUP LLC from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, No. 16-2059, 2017 U.S. App. LEXIS 47, at *5-6 (7th Cir. Jan. 3, 2017).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

9. The alleged violations described herein occurred in St. Johns County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons, and citizens of the State of Florida, residing in St. Johns County, Florida

11. Plaintiffs are "alleged debtors."

12. Plaintiffs are the "called parties." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, LEASE FINANCE GROUP LLC is a Delaware Limited Liability Company with its principal place of business located at 65 East Wacker Place, Suite 510, Chicago IL 60601, and conducts business in the State of Florida.

14. Plaintiffs are the subscribers, regular users and carriers of the cellular telephone numbers (404) ***-7438, (904) ***-0611, (904) ***-2463, and (904) ***-1235, and were the called parties and recipients of Defendant's calls.

15. Beginning in or about July 2016, LEASE FINANCE GROUP LLC began bombarding Plaintiffs' cellular telephones (404) ***-7438, (904) ***-0611, (904) ***-2463, and (904) ***-1235 in an attempt to collect a debt on an equipment lease.

16. In or about July 2016, Plaintiffs revoked their consent to be called by LEASE FINANCE GROUP LLC by requesting that the calls stop. Specifically stating "Stop calling us. You're stealing from us. You have a lawsuit with the Attorney General of New York against you." Each call LEASE FINANCE GROUP LLC made to the Plaintiffs' cell phones after said revocation was done so without the "expressed permission" of the Plaintiffs and in violation of the TCPA.

17. Despite Plaintiffs informing Defendant to stop calling the Defendant's autodialer calls to Plaintiffs' cellular phone continued after July 2016. Between August 2016 to October 2016, Plaintiffs made a non-exclusive log of twenty-eight (28) calls they received from the Defendant to one of their cell phones, (404) ***-7438. Due to the volume and time period over which they received automated calls, Plaintiffs were not able to properly catalogue each and every call from the Defendant to each of their cell phones, however attached hereto as Exhibit A is a small sampling.

18. Plaintiffs estimate approximately one hundred fifty (150) calls to their cell phones post-revocation.

19. The autodialer calls from Defendant came from telephone numbers including but not limited to (888) 321-2318; (888) 211-3245; and (800) 295-3699 and when each number is called a pre-recorded voice or agent answers and identifies the number as belonging to LEASE FINANCE GROUP LLC.

20. Defendant knowingly and/or willfully harassed and abused Plaintiffs on numerous occasions by calling Plaintiffs cellular telephone numbers up to two (2) times a day from approximately July 2016 through the filling of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to collection of the subject account.

21. LEASE FINANCE GROUP LLC called the Plaintiffs on Plaintiffs' cellular telephones approximately one hundred fifty (150) times since revocation in July 2016, in an attempt to collect a debt.

22. LEASE FINANCE GROUP LLC attempted to collect an alleged debt from Plaintiffs by this campaign of telephone calls.

23. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls received and

because they heard a pause when they answered their phones before a voice came on the line and/or they received prerecorded messages from LEASE FINANCE GROUP LLC.

24. LEASE FINANCE GROUP LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiffs' cellular telephones in this case.

25. LEASE FINANCE GROUP LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiffs' cellular telephones in this case, with no way for the consumer, Plaintiffs, or LEASE FINANCE GROUP LLC, to remove the number.

26. LEASE FINANCE GROUP LLC's corporate policy is structured so as to continue to call individuals like Plaintiffs, despite these individuals explaining to LEASE FINANCE GROUP LLC they wish for the calls to stop.

27. LEASE FINANCE GROUP LLC has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

28. LEASE FINANCE GROUP LLC has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

29. LEASE FINANCE GROUP LLC has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

30. LEASE FINANCE GROUP LLC's corporate policy provided no means for Plaintiffs to have their numbers removed from Defendant's call list.

31. LEASE FINANCE GROUP LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

32. Not a single call placed by LEASE FINANCE GROUP LLC to Plaintiffs was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. LEASE FINANCE GROUP LLC willfully and/or knowingly violated the TCPA with respect to Plaintiffs.

34. From each and every call placed without consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones, Plaintiffs suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

35. From each and every call without express consent placed by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones, Plaintiffs suffered the injury of occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from LEASE FINANCE GROUP LLC's calls.

36. From each and every call placed without express consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phone, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time spent on the call was unnecessary as Plaintiffs repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phones, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones was an injury in the form of a nuisance and annoyance to Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiffs' cellular phone, which are designed to inform the user of important missed communications.

38. Each and every call placed without express consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones resulted in the injury of unnecessary expenditure of Plaintiffs' cell phones' battery power.

39. Each and every call placed without express consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones where a voice message was left which occupied space in Plaintiffs' phones or networks.

40. Each and every call placed without express consent by LEASE FINANCE GROUP LLC to Plaintiffs' cell phones resulted in the injury of a trespass to Plaintiffs' chattel, namely their cellular phones and cellular phone services.

41. As a result of the answered and unanswered calls described above, Plaintiffs suffered an invasion of privacy; Plaintiffs were also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation. Plaintiffs' medical conditions have also been exacerbated from the harassing phone calls. One of the Plaintiffs had to have their blood pressure medicine increase from

the threatening and insulting phone calls from Defendant. Due to both answered and unanswered calls, Plaintiffs suffered the expenditure of Plaintiffs' time, exhaustion of Plaintiffs' cellular telephone batteries, unavailability of Plaintiffs' cellular telephones while ringing, waste of Plaintiffs' time, causing risk of personal injury due to distraction and trespass upon Plaintiffs' chattels. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from the Plaintiffs through the use of automated/predictive dialing technology.

**COUNT I**
**(Violation of the TCPA)**

42. Plaintiffs fully incorporate and reallege paragraphs one (1) through forty one (41) as if fully set forth herein.

43. LEASE FINANCE GROUP LLC willfully violated the TCPA with respect to Plaintiffs, especially for each of the auto-dialer calls made to Plaintiffs' cellular telephones after Plaintiffs notified LEASE FINANCE GROUP LLC that they wished for the calls to stop.

44. LEASE FINANCE GROUP LLC repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephones using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiffs' prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demand a trial by jury on all issues so triable and judgment against LEASE FINANCE GROUP LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 223-5402
fkerney@forthepeople.com
jkneeland@forthepeople.com
cfallara@forthepeople.com
Counsel for Plaintiffs